[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14526
_____

D.C. Docket No. 1:12-cv-20695-MGC


HUGH F. CULVERHOUSE,
individually and on behalf of all others similarly situated,

Plaintiff-Appellant,

versus

PAULSON & CO. INC.,
PAULSON ADVISERS LLC,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 30, 2015)

Before WILLIAM PRYOR, JULIE CARNES, and SILER,* Circuit Judges.

WILLIAM PRYOR, Circuit Judge:

_____
* Honorable Eugene E. Siler, Jr., United States Circuit Judge for the Sixth Circuit, sitting by
designation.

This appeal involves a question of Delaware corporate law, which we certify to the Delaware Supreme Court. After Paulson Advantage Plus, L.P., lost approximately $460 million on an investment in a Chinese forestry company, Hugh Culverhouse filed a putative class action against general partners Paulson & Co. Inc., and Paulson Advisers LLC, for breach of fiduciary duty, gross negligence, and unjust enrichment. Culverhouse had invested in HedgeForum Paulson Advantage Plus, LLC, a "pass-through" or "feeder" fund that invests "substantially all of its capital" in Paulson Advantage Plus. Paulson & Co. and Paulson Advisers moved to dismiss for failure to state a claim and for lack of subject matter jurisdiction. After it concluded that Culverhouse's claims were derivative under Delaware law, the district court dismissed his amended complaint for lack of subject matter jurisdiction. Because this appeal depends on the resolution of an unsettled issue of Delaware law, we certify that issue to the Delaware Supreme Court.

## I. BACKGROUND

Paulson Advantage Plus is a Delaware limited partnership that invests in corporate securities. Paulson & Co., a Delaware corporation, and Paulson Advisers, a Delaware limited liability company, serve as the general partners of Paulson Advantage Plus. Between 2007 and 2011, Paulson Advantage Plus

2

invested approximately $800 million in Sino-Forest Corporation, a Chinese forestry company. After another investment firm issued a report that Sino-Forest had overstated its timber holdings and engaged in questionable related-party transactions, Paulson Advantage Plus sold its Sino-Forest shares at a loss of approximately $460 million.

After Paulson Advantage Plus sold its Sino-Forest shares at a loss, Culverhouse filed a putative class action against Paulson & Co. and Paulson Advisers for breach of fiduciary duty, gross negligence, and unjust enrichment. Culverhouse had invested in HedgeForum Paulson Advantage Plus, a "pass-through" or "feeder" fund sponsored by Citigroup Alternative Investments, LLC, which invests "substantially all of its capital," in Paulson Advantage Plus. HedgeForum gives investors the opportunity to invest in Paulson Advantage Plus for less than the $5 million minimum required for a limited partner interest.

Paulson & Co. and Paulson Advisers moved to dismiss for failure to state a claim and for lack of subject matter jurisdiction. Paulson & Co. and Paulson Advisers contended that because Culverhouse was an investor in HedgeForum and not a limited partner of Paulson Advantage Plus, they did not owe him fiduciary duties, and that even if they did owe Culverhouse fiduciary duties, he lacked standing because his claims were derivative under Delaware law. The district court

3

ruled that Culverhouse's claims were derivative under Delaware law and dismissed his amended complaint for lack of subject matter jurisdiction. The district court did not address whether Culverhouse failed to state a claim.

## II. STANDARD OF REVIEW

"We review dismissal for lack of subject matter jurisdiction *de novo*." *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 891 (11th Cir. 2013).

## III. DISCUSSION

Under Delaware law, a derivative suit "enables a stockholder to bring suit on behalf of the corporation for harm done to the corporation." *Tooley v. Donaldson, Lufkin & Jenrette, Inc.*, 845 A.2d 1031, 1036 (Del. 2004). But "a stockholder who is directly injured . . . retain[s] the right to bring an individual action for injuries affecting his or her legal rights as a stockholder." *Id*. Any recovery obtained in a derivative suit "must go to the corporation," while any recovery in a direct action "flows directly to the stockholders, not to the corporation." *Id*. Stockholders seeking to maintain a derivative action must "state with particularity . . . any effort by the plaintiff to obtain the desired action from the directors or comparable authority and, if necessary, from the shareholders or members; and . . . the reasons for not obtaining the action or not making the effort." Fed. R. Civ. P. 23.1(b)(3). Investors who file a direct action need not comply with this requirement.

4

Culverhouse argues that his claims against Paulson & Co. and Paulson Advisers are direct under *Anglo American Security Fund, L.P. v. S.R. Global International Fund, L.P.*, 829 A.2d 143 (Del. Ch. 2003). In *Anglo American*, the Delaware Chancery Court held that claims brought by former limited partners of a hedge fund against the fund and the fund's general partner and auditor were direct. *Id*. The limited partners contended that the general partner had "withdr[awn] funds from [his] capital account in violation of the partnership agreement; that this withdrawal exceeded the balance in the account; and that timely disclosure of the withdrawal was not given to the limited partners." *Id*. at 151. The Chancery Court acknowledged that "Delaware . . . limited partnership cases have agreed that a diminution of the value of a business entity is classically derivative in nature," but held that the limited partners' claims were direct because "the operation and function of the Fund . . . diverge[d] . . . radically from the traditional corporate model," *id*. at 151–152. The Chancery Court explained that the fund in *Anglo American* "operate[d] more like a bank with the individual partners each having [separate] accounts," *id*. at 154, than a traditional corporation or limited partnership, because losses "confer[red] only a fleeting injury to the Fund" that accrued "irrevocably and almost immediately to the current partners but [did] not harm those who later bec[a]me partners," *id*. at 152. And because the fund in *Anglo*

5

*American* had "no going-concern value" other than the general partner's interest in management fees, *id*. at 154, did not issue transferable shares, and liquidated the interests of withdrawing partners, "[a]ny recovery obtained by the Fund in a derivative action [could not] provide a remedy to wronged former partners nor to their (non-existent) successors in interest," *id*. at 152. Instead, "if the Fund," as opposed to individual partners, "were to recover damages for diminution of Fund value," limited partners admitted after the losses were incurred "would receive a windfall." *Id*. at 153.

The fund in *Anglo American* is similar to Paulson Advantage Plus and HedgeForum. Like the fund in *Anglo American*, Paulson Advantage Plus and HedgeForum are structured so that all profits and losses are allocated to investors' individual capital accounts, and neither fund issues transferable shares. As in *Anglo American*, any losses suffered by Paulson Advantage Plus and HedgeForum accrue "irrevocably and almost immediately to" investors, but do not harm those who invest after the losses, *id*. at 152. And any recovery in this litigation could not "provide a remedy to wronged former partners nor to their (non-existent) successors in interest," *id*.

But later developments in Delaware law make us hesitant to hold that *Anglo American* controls this appeal. After *Anglo American* was decided, the Delaware

6

Supreme Court clarified the law of derivative suits. In *Tooley*, the Delaware Supreme Court explained that an analysis of whether claims are direct or derivative "must be based solely on the following questions: Who suffered the alleged harm—the corporation or the suing stockholder individually—and who would receive the benefit of the recovery or other remedy?" 845 A.2d at 1035. In establishing these steps as the "sole[]" inquiries relevant to an analysis of whether a claim is direct or derivative, the Court "expressly disapprove[d]" of the "special injury" test employed in some of its previous opinions, according to which "a claim is necessarily derivative if it affects all stockholders equally." *Id*. at 1039 (internal quotation marks omitted). Although the analysis in *Anglo American* appears consistent with the analytical framework set forth in *Tooley*, the Southern District of New York has questioned whether *Anglo American* remains good law after *Tooley*. *See Newman v. Family Mgmt. Corp.*, 748 F. Supp. 2d 299, 314 n.12 (S.D.N.Y. 2010); *Saltz v. First Frontier, LP*, 782 F. Supp. 2d 61, 78 n.15 (S.D.N.Y. 2010). Accordingly, we conclude that this appeal depends on the resolution of unsettled Delaware law.

## IV. CERTIFICATION

We certify the following question to the Delaware Supreme Court: Does the diminution in the value of a limited liability company, which serves as a feeder

7

fund in a limited partnership, provide the basis for an investor's direct suit against the general partners when the company and the partnership allocate losses to investors' individual capital accounts and do not issue transferable shares and losses are shared by investors in proportion to their investments?

**QUESTION CERTIFIED.**